IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**DERRICK F. DEPRIEST,**

        **Plaintiff,**

**v.**                                                       **Case 2:19-cv-02517-JTF-cgc**

**IRT MANAGEMENT,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION ON *IN FORMA PAUPERIS* SCREENING PURSUANT TO 28 U.S.C. § 1915**

---

On August 6, 2019, Plaintiff Derrick F. DePriest filed a *pro se* Complaint for violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 (the "ADEA") and a motion to proceed *in forma pauperis*. (Docket Entry ("D.E.") 1 & 2.) The motion to proceed *in forma pauperis* was granted on September 25, 2019. (D.E. # 7.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05.[1] For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to 28 U.S.C. § 1915 ("Section 1915") for failure to state a claim upon which relief may be granted.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

### I.   Introduction

Plaintiff alleges that his employer, IRT Management, discriminated against him on the basis of age in violation of the ADEA.  Specifically, Plaintiff alleges that IRT Management applied unequal terms and conditions of his employment.  Plaintiff states that he began his employment with IRT Management as a renovation technician in November 2018.  Plaintiff alleges that "on [or] about Feb[ruary] 7, 2019, [he] began to be subjected to unequal terms and conditions of employment by Supervisor Nicole Widmer."  According to Plaintiff, time restrictions were placed on his tasks, while such time restrictions were not placed on other employees.  Lastly, Plaintiff complains that he was "discharged for not signing a write-up that [he did not] agree with."

As relief, Plaintiff seeks fifteen million dollars in compensatory damages for "unequal terms and conditions and discrimination [on the basis] of age."  Attached to Plaintiff's Complaint is his Notice of Right to Sue letter from the Equal Employment Opportunity Commission, dated June 3, 2019, which Plaintiff states he received the same day.

### II.   Analysis

Plaintiff's Complaint alleges violations of the ADEA.  Pursuant to Section 1915, in proceedings *in forma pauperis*, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 93, 94 (2007) (quoting *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976)).  However, "the lenient treatment generally accorded to pro se litigants has limits."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).  The basic pleading essentials are not abrogated in *pro se* cases.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  A *pro se* complaint must still "contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face."  *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and emphasis omitted)).  District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  District Courts are also not "required to create" a *pro se* litigant's claim for him.  *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003).

As to a claim for age discrimination, the essential elements of Plaintiff's ADEA claim are that Plaintiff: (1) was at least forty years old at the time of the alleged discrimination; (2) he was subjected to an adverse employment action; (3) he was qualified for the position; and (4) he was replaced by a substantially younger individual.  *Mickey v. Zeidler Tool & Die Co.*, 516, 521 (6th Cir. 2008) (citing *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 317 (6th Cir. 2007)).  Plaintiff states in his Complaint that he was born in 1979, making him forty-years old at the time of the alleged discrimination.  Even assuming, however, that Plaintiff was subject to an adverse employment action and he was qualified for his position, Plaintiff makes no allegations whatsoever which allow this Court to infer that Plaintiff was discriminated against on the basis of his age. Plaintiff makes no allegations that those employees who were not subject to time restrictions were younger than him, or that when he was discharged, he was replaced by a younger employee. Further, Plaintiff makes no mention of any other employees' ages or that Plaintiff's age was a

factor in any alleged discriminatory conduct. As such, it is RECOMMENDED that any claims of age discrimination be dismissed.

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**SIGNED** this 27th day of May 2020.

                                                  s/ Charmiane G. Claxton
                                                CHARMIANE G. CLAXTON
                                                UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**